IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DARREN AND HILDA MCKINNEY,<br>    Plaintiffs,<br><br>v.<br><br>STATE FARM LLOYDS,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:25-cv-00308 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant STATE FARM LLOYDS (hereinafter "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1332(a).

### PROCEDURAL BACKGROUND

1. Plaintiffs Darren and Hilda McKinney filed this action on January 24, 2025, against State Farm in the 274th Judicial District Court of Hays County, Texas. That case was docketed under cause number 25-0252-DCC (the "State Court Action").

2. State Farm was served with process on January 29, 2025.

3. State Farm filed its Original Answer on February 21, 2025.

4. State Farm Lloyds timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 274th Judicial District Court of Hays County, Texas to the United States District Court for the Western District of Texas, Austin Division.

### NATURE OF THE SUIT

5. This lawsuit involves a dispute over alleged non-payment or underpayment of insurance benefits and the handling of Plaintiffs' insurance claim. Plaintiffs' claims are for damages allegedly

sustained to their residential property as the result of wind/hailstorm on or about May 9, 2024. Plaintiffs' Original Petition at ¶ 11.

6.  The Original Petition asserts causes of action against State Farm for breach of contract, unfair settlement practices, violations of prompt payment of claims, breach of duty of good faith and fair dealing, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Deceptive Trade Practices Act and misrepresentations. Plaintiff's Original Petition at ¶¶ 25-51.

7.  Plaintiffs seek damages including actual damages, treble damages, exemplary damages, consequential damages, statutory penalties, pre and post judgment interest, attorney's fees, and court costs. Plaintiffs' Original Petition at ¶¶ 54-61.

## BASIS FOR REMOVAL

8.  The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiffs and Defendant) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

9.  At the time the State Court Action was commenced, Plaintiffs were and still are residents and citizens of Texas. *See* Plaintiffs' Original Petition at ¶ 2.

10. Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois and Arizona. *See* Affidavit of Brant Kaufmann, Exhibit 1. State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois or Arizona, thereby making State Farm Lloyds a citizen of Illinois and Arizona for diversity purposes. See *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

11.     Because Plaintiffs are citizens of Texas and Defendant is a citizen of Illinois and Arizona, there is complete diversity of citizenship among the parties.

### *Amount in Controversy*

12.     The amount in controversy requirement "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The "summary judgment type evidence" must be provided "only when the plaintiff contests, or the court questions, the defendant's allegation" of federal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014). The removing party bears the initial burden of showing that federal jurisdiction exists. *E.g., Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1112 (S.D. Tex. 2020). When the removing party carries its burden, the party resisting removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold." *Id.* at 1113.

13.     Plaintiffs assert in their Original Petition that "the amount in controversy is less than $250,000, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs." Plaintiffs Original Petition at ¶ 7. Plaintiff seeks to recover actual damages, damages for common law bad faith, statutory interest, attorney's fees, treble damages and/or exemplary damages—among others.

14.     Where, as here, it is not apparent on the face of the petition whether the amount in controversy exceeds $75,000, the removing party can establish the amount in controversy requirement through factual allegations that are sufficient to demonstrate the requisite jurisdictional amount. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). Courts within the Fifth Circuit "routinely consider presuit demand letters when evaluating amount in controversy." *Graf v. Chesapeake Energy Corp.*, No. 5:17-CV-75, 2018 U.S. Dist. LEXIS 239207, at *24 n.4 (S.D. Tex. 2018).

15. Here, Plaintiffs asserted $41,768.78 in actual damages in his December 23, 2024 presuit notice letter. As discussed above, Plaintiffs seek treble damages for alleged "knowing" conduct, in their Original Petition. *See* Plaintiffs' Original Petition at ¶ 56. Looking only at Plaintiffs' claims for actual and treble damages, $41,768.78 times three is $125,306.34.

16. Plaintiffs also state in their December 23, 2024 letter that they already incurred $3,890.68 in attorneys' fees as of that date.

17. The trebled amount alleged to be owed plus alleged attorneys' fees as of December 23, 2024 exceeds the $75,000.00 amount in controversy. Plaintiffs also seek additional damages, such as statutory interest under Chapter 542 of the Insurance Code, that increases the amount in controversy even further.

18. After State Farm meets its burden, the burden shifts to Plaintiffs, who must show to a legal certainty that his recovery will not exceed $75,000 to avoid federal jurisdiction. Plaintiffs could have limited their recovery to less than $75,000, but they chose not to. "A Texas plaintiff who wishes to avoid removal by limiting their recovery to less than $75,000 as a matter of law must file a binding stipulation or affidavit with his original state petition." *Martinez v. Liberty Ins. Corp.*, No. H-19-3956, 2019 U.S. Dist. LEXIS 217051, at *3 (S.D. Tex. 2019). However, Plaintiffs did not file a binding stipulation or affidavit with their petition, and Plaintiffs are unable to show to a legal certainty that his recovery will not exceed $75,000.00.

19. Based on the foregoing, the amount in controversy threshold is met.

## REMOVAL IS PROCEDURALLY CORRECT

20. This Notice of Removal is timely under 28 U.S.C. § 1446(b). State Farm was served with process on January 29, 2025.

21. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

22. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 2-A through 2-D).

23. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of State Farm's Notice of Removal was promptly given to all parties and to the clerk of the 274th Judicial District Court of Hays County, Texas.

## PRAYER

Defendant respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. Defendant also requests any additional relief for which it may show itself justly entitled.

Respectfully submitted,

*/s/ Stephen W. Bosky*
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
sbosky@ramonworthington.com
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
13413 Galleria Circle, Suite 120
Bee Cave, Texas 78738
(512) 643-6005 – Phone
Electronic Service to:
efile@ramonworthington.com
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**

Sarah A. Nicolas
Fed. ID No. 32122/State Bar No. 24013543
snicolas@ramonworthington.com
Nicholas J. Romero
Fed. ID No. 3879219/State Bar No. 24139045
nromero@ramonworthington.com
**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
13413 Galleria Circle, Suite 120
Bee Cave, Texas 78738
(512) 643-6005 – Phone

Electronic Service to:
efile@ramonworthington.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2025, a true and correct copy of the foregoing document was served via certified mail, return receipt requested to the following:

Brooke Wilhelm
brooke@franklinfranklinlaw.com
B. Eric Franklin
eric@franklinfranklinlaw.com
FRANKLIN, FRANKLIN & ASSOCIATES, PLLC
485 Milam St.
Beaumont, TX 77701
**ATTORNEYS FOR PLAINTIFF**

                */s/ Stephen W. Bosky*
                Stephen W. Bosky